Plaintiff sued to be recognized as owner and placed in possession of certain described articles of household furniture by way of specific performance of a certain agreement dated December 4, 1945, whereby defendant agreed to sell and plaintiff to purchase the furniture. Plaintiff further demands to be placed in possession of certain premises in the City of Shreveport under an alleged agreement of lease. In the alternative, plaintiff prays for a money judgment in the total sum of $495 representing alleged increase in value of the furniture, return of cash payment advanced, profit on the lease and attorney's fees.
Under writs of attachment sued out by plaintiff, the furniture was seized on the allegation of non-residence of the defendant. A motion to dissolve, coupled with a demand for damages and attorney's fees was filed on behalf of defendant, which motion was referred to the merits.
After trial on the merits there was judgment rejecting plaintiff's demands at his cost and further rejecting the demands of defendant for damages and attorney's fees. From this judgment plaintiff has perfected this appeal. Defendant also asked for orders of appeal from that part of the judgment refusing dissolution of the writ and allowance of damages and attorney's fees, but since this appeal has not been perfected, nor any answer filled, this element of the case passes out of consideration.
This matter involves purely and solely a question of fact. It is established that by a written memorandum of December 4, 1945, defendant agreed to sell the household furniture to plaintiff for a total consideration of $125, and received $50 in cash at the time. Although there is considerable conflict on the issue of the lease agreement, we are of the opinion that such an agreement was orally entered into at the same time.
Plaintiff's claims in this case are strenuously resisted by defendant on the ground that, some two or three days subsequent to the execution of the memorandum of agreement referred to, he returned the $50 cash payment, advanced on the agreement, to the plaintiff, and cancelled the entire agreement, both with reference to the sale of the household furniture and the lease of the premises. This claim is denied by plaintiff but the testimony of witnesses overwhelmingly preponderates in favor of defendant's contention. As opposed to plaintiff's unsupported testimony denying the return of his money and cancellation of the agreement the record includes the very positive testimony of the defendant and three witnesses, together with the stipulation that two other witnesses would have testified to the same effect, to the fact *Page 642 
that defendant did return the money and cancelled the agreement. The testimony of these witnesses was reinforced and corroborated by the Deputy City Marshal, who testified that during the process of effecting the seizure of the furniture, the defendant stated in plaintiff's presence that he had returned the money to plaintiff.
Under the facts, which are conclusively established by the great weight of the testimony in this case, there is no question as to the correctness of the judgment on the main demand. There being neither appeal nor answer to appeal which raises the issue as to defendant's claims for damages and attorney's fees on the basis of a wrongful issuance of the writs of attachment, this portion of the judgment also must be maintained.
For the reasons assigned, the judgment appealed from is affirmed at plaintiff's cost.